# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SANTOS CANALES,  
    Petitioner,

vs.

WARDEN, LONDON CORRECTIONAL INSTITUTION,  
    Respondent.

Civil Action No. 1:09-cv-600

Dlott, J.  
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's motion to stay writ of habeas corpus proceedings (Doc. 12) and respondent's memorandum in opposition. (Doc. 14).

Petitioner seeks habeas corpus relief on his drug trafficking and failure to comply with the order of a police officer convictions. He alleges two grounds for relief:

> **GROUND ONE:** Santos Canales guilty plea to indicated charges was not made knowingly, intelligently, and voluntarily under Ohio Criminal Rule 11(C), violating his constitutional rights under Due Process Clause and Equal Protection Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution because the trial court committed plain error by utilizing the services of an interpreter in the court room during the plea and sentencing proceedings and failing to administer an oath to the interpreter and inquiry as to whether the interpreter was qualified to act as an expert translator during the criminal proceeding as mandated by due process of the Ohio Revised Code Section 2311.14(B) and Ohio Evidence Rule 604.

> **GROUND TWO:** When trial counsel fails to raise an objection to the obvious error made by the court during the plea hearing of not administering an oath to the interpreter to be qualified as an expert witness translating the criminal guilty plea proceeding as required and mandated by Ohio Revised Code Section 2311.14(B) and Ohio Evidence Rule 604, trial counsel renders ineffective assistance by waiving the obvious error made by the trial court that was highly prejudicial to defendant Santos Canales due process rights that violated his Sixth Amendment right under the United States Constitution to effective assistance of trial counsel during the plea and sentencing hearing.

(Doc. 3).

Petitioner requests a stay of these habeas corpus proceedings so that he may exhaust his state remedies "to correct his void sentences due to the trial court's failure to properly notify him at sentencing that he would be subject to mandatory definite period of post-release control as part of his sentence as mandated by R.C. § 2967.28." (Doc. 12).

Respondent opposes petitioner's motion for a stay for two reasons.  First, the issue of whether the trial court notified petitioner of the provisions of post-release control is not a ground for relief in the instant habeas corpus petition and, therefore, there is no unexhausted habeas claim before this Court.  Second, petitioner does not meet the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), to permit a stay in this case.

For the reasons that follow, the Court recommends petitioner's motion to stay writ of habeas corpus proceedings be denied.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). *See also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). Although the exhaustion requirement is not jurisdictional, there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice or administratively stayed pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker*, 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *cf. Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice (or administrative stay) on exhaustion grounds. *Rose v. Lundy*, 455 U .S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy's* total exhaustion requirement" and also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines*, 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure. This procedure ensures that habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed without prejudice on exhaustion grounds and the petitioner

subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 778-81 (6th Cir. 2002).

The discretion of the district court to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. If employed too frequently, stays have the potential to undermine the AEDPA's objectives of encouraging finality of state court judgments by delaying resolution of the federal habeas proceedings and "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. The stay and abeyance procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

In this case, the petition is a not a "mixed" petition containing both exhausted unexhausted claims. As indicated in respondent's return of writ, Grounds One and Two of the petition have been exhausted. The petition does not include a claim that petitioner's sentence is void because the trial court failed to notify petitioner of the provisions of post-release control. Therefore, there is no basis for a stay based on the current petition.

Assuming, arguendo, that petitioner seeks to add such a claim to the original petition, petitioner's motion for stay should nevertheless be denied. Even if the Court were to grant petitioner leave to amend the petition, petitioner has still not shown good cause for his failure to

exhaust his state court remedies on this claim or that this unexhausted claim is potentially meritorious. *Rhines,* 544 U.S. at 277. *See also Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009). Petitioner has alleged no reasons for failing to exhaust his post-release control notification claim prior to filing his habeas corpus petition in this federal court. Nor does petitioner offer any other justification to establish good cause for a stay of these habeas corpus proceedings. In addition, petitioner has failed to provide any specificity as to the nature of his post-release control notification claim showing his claim is potentially meritorious. In the absence of such showings, it would be an abuse of this Court's discretion to grant the stay.

Accordingly, petitioner's motion to stay writ of habeas corpus proceedings (Doc. 12) should be denied.

**IT IS THEREFORE RECOMMENDED:**

1. Petitioner's motion to stay writ of habeas corpus proceedings (Doc. 12) should be **DENIED**.

2. If this recommendation is adopted, petitioner should be granted an extension of time of twenty-one (21) days to file his traverse to the return of writ.


Date:   August 25, 2010              s/ J. Gregory Wehrman
         Kl                           J. Gregory Wehrman
                                      United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SANTOS CANALES,
    Petitioner,

vs.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,
    Respondent

Civil Action No. 1:09-cv-600

Dlott, J.
Wehrman, M.J.

### NOTICE

Attached hereto is a Report and Recommendation issued in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).