# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SANTOS CANALES,

    Petitioner,

          -vs-

WARDEN, London Correctional
   Institution,

    Respondent.

:

:

:

Case No. 1:09-cv-600

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by Petitioner Santos Canales *pro se*. Petitioner was convicted in the Hamilton County Common Pleas Court of several counts of drug trafficking and one count of failure to obey the lawful order of a police officer; he was sentenced to an aggregate term of imprisonment of eight years. The case is before the Court for decision on the Petition (Doc. No. 3) and the Return of Writ (Doc. No. 7). Despite a more than ten month extension of time to do so, Petitioner has filed no reply.

Petitioner pleads the following grounds for relief:

> **GROUND ONE:** Santos Canales guilty plea to indicated charges was not made knowingly, intelligently, and voluntarily under Ohio Criminal Rule 11(C), violating his constitutional rights under Due Process Clause and Equal Protection Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution because the trial court committed plain error by utilizing the services of an interpreter in the court room during the plea and sentencing proceedings and failing to administer an oath to the interpreter and inquiry as to whether the interpreter was qualified to act as an expert

-1-

>translator during the criminal proceeding as mandated by due process of the Ohio Revised Code Section 2311.14(B) and Ohio Evidence Rule 604.
>
>**GROUND TWO:** When trial counsel fails to raise an objection to the obvious error made by the court during the plea hearing of not administering an oath to the interpreter to be a qualified as an expert witness translating the criminal guilty plea proceeding as required and mandated by Ohio Revised Code Section 2311.14(B) and Ohio Evidence Rule 604, trial counsel renders ineffective assistance by waiving the obvious error made by the trial court that was highly prejudicial to defendant Santos Canales due process rights that violated his Sixth Amendment right under the United States Constitution to effective assistance of trial counsel during the plea and sentencing hearing.

(Quoted at Return of Writ, Doc. No. 7, PageID 49.)

## Ground One

In his first Ground for Relief, Petitioner asserts that he was denied equal protection and due process because the interpreter at his plea colloquy was not sworn as required by Ohio law, both Ohio Revised Code § 2311.14(B) and Ohio R. Evid. 604.

On its face the first Ground for Relief purports to raise the additional question of whether the interpreter, sworn or not, was qualified to act as an interpreter. However that question was never presented to the state courts in any way and a habeas petitioner cannot present for the first time in federal court a legal question never presented to the state courts. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The question actually presented to the state courts and decided on the merits is the remaining question concerning the oath of the interpreter. To the extent Petitioner presents or intends to present

this question as a violation of Ohio statutory law or rules of evidence, this Court is not empowered to grant habeas corpus relief on the basis of violations of state law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

To the extent Petitioner is now attempting to raise a federal constitutional claim, he failed to do so in the state courts. There is a brief mention "of due process rights" in his appellate brief (Ex. 7-1 to Return of Writ, Doc. No. 7, PageID 95), but no citation to any federal constitutional provisions or case law. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006);*Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). Therefore the federal constitutional aspects of Ground One are barred by failure to present them to the state courts. *Wainright, supra.*

Any constitutional claim which is part of Ground One is also barred by Petitioner's procedural default in failing to make any contemporaneous objection to the interpreter. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998) — is an adequate and independent state ground. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v.*

*Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). this rule was enforced against the Petitioner by the First District Court of Appeals, which reviewed this claim of error only under the plain error rule.

Therefore Ground One for Relief should be dismissed with prejudice.

## Ground Two

In Ground Two Petitioner asserts his trial attorney provided ineffective assistance of trial counsel by not objecting to the lack of oath for the interpreter and lack of trial court inquiry into the interpreter's qualifications.

Of course a criminal defendant is entitled to the effective assistance of counsel. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Here again, the portion of the claim relating to inquiry into the qualifications of the interpreter was never raised in the state courts and is therefore procedurally defaulted.

As to the question of the oath, the First District Court of Appeals decided this claim on the merits and disposed of it on the second *Strickland* prong, holding there had been no showing or prejudice.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified

> a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  529 U.S., at 404-405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  *Id.,* at 405-406, 120 S. Ct. 1495.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  *Id.,* at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.  *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

This Court concludes that the First District's finding of no prejudice is objectively reasonable.  While the oath is some guaranty of the integrity of the interpreter's work, its absence does not suggest any lack of integrity.  The interpreter was already present in the courtroom for the

-6-

purpose of interpreting in another matter.  There is no showing that he or she was somehow identified with one of the parties, lacked facility in the non-English language in which Petitioner is fluent, failed to make an accurate translation, or said anything that kept the process from being what it purports to be.  There is no suggestion from the Court of Appeals that they would have overturned the conviction if only the objection had been preserved.  Therefore the second Ground for Relief is without merit.

## Conclusion

It is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*.

December 9, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Canales Habeas Merits R&R.wpd